OPINION

Per Curiam:

This is an appeal from an order of the district court revoking appellant’s probation and directing imposition of a three year sentence which was previously suspended.
On May 1, 1990, the district court convicted appellant, pursuant to a guilty plea, of one count of attempted burglary. The district court sentenced appellant to serve a term of three years in *1217 the Nevada State Prison. The district court suspended the sentence and placed appellant on probation for three years. No direct appeal was taken.
On January 8, 1993, appellant filed in the district court a “motion for disposition of charges.” In his motion, appellant noted that he was incarcerated in the State of Arizona. Appellant argued that the district court should accept a plea of no contest to the charge of violating the terms of probation and order appellant’s sentence to run concurrently with his Arizona sentence. Appellant argued that the district court should compel the district attorney to proceed with any probation revocation proceedings immediately. The state opposed the motion. On March 23, 1993, the district court denied appellant’s motion for disposition of charges. The district court concluded that the district attorney has the discretion to institute probation revocation proceedings after appellant completes his Arizona sentence.
On July 12, 1993, following completion of appellant’s Arizona sentence, the district court conducted a hearing regarding revocation of appellant’s probation. On July 14, 1993, the district court ordered appellant’s probation revoked and directed imposition of the three year sentence which was previously suspended. This appeal followed.
Appellant contends that the refusal of the district attorney to proceed with the revocation proceeding prior to the completion by appellant of his Arizona sentence denied appellant the basic protections to which he is entitled in a probation revocation proceeding. Specifically, appellant argues that it was fundamentally unfair for the district attorney to wait until after appellant completed his Arizona sentence before initiating probation revocation proceedings because the delay deprived the district court of the opportunity of sentencing appellant to concurrent terms. Appellant’s contention lacks merit. The United States Supreme Court “has never held . . . that a prisoner subject to a probation-violation detainer has a constitutional right to a speedy probation-revocation hearing.” Carchman v. Nash, 473 U.S. 716, 731 n.10 (1985). We likewise decline to find a right to a speedy probation-revocation proceeding. Accordingly, we affirm.[1]

Pursuant to NRAP 34(f)(1), we have determined that oral argument is not warranted in this appeal.